[Cite as *In re Guardianship of Thomas*, 2018-Ohio-59.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: Guardianship of<br>Jacqueline A. Thomas, | : | |
| | : | No. 17AP-461 |
| (Appellant). | | (Prob. No. 549364) |
| | : | |
| | | (REGULAR CALENDAR) |
| | : | |
| | : | |

D E C I S I O N

Rendered on January 9, 2018

**On brief:** *Jacqueline A. Thomas*, pro se.  **Argued:** *Jacqueline A. Thomas.*

APPEAL from the Franklin County Court of Common Pleas, Probate Division

TYACK, J.

{¶ 1} Jacqueline A. Thomas is appealing from the Probate Court's failure to terminate her guardianship. She does not set forth a separate section delineating assignments of error, but has alleged a series of errors under the heading of "Law and Argument." Those allegations are:

> THE PROBATE COURT ERRORED IN VIOLATING ORC CODES 2111.13, 2111.50, 2111.47, 2109.24, and 2101.24 by that of that trashing my motions and allowing the CONSTANT NEGLIGENCE OF THE FRANKLIN COUNTY GUARDIANSHIP BOARD OF NEVER ATTENDING MY DOCTOR APPOINTMENT OR ANY VISITATIONS FOR SIX MONTHS FROM THE SEPTEMBER APPROVAL OVER ME. THE MAGISTRATES DISREGARD ANY CONCERN OF THE WARD TO GIVE ANY FAVOR TO OTHERS AND THE GUARDIAN BOARD LIKE THEY ALLOW THE CONVICTED PROBATE ATTORNEY THAT KILLED HIMSELF NAME PAUL S. Kormanik. THE MAGISTRATES AND JUDGE OF THE COURT HELPED UNTIL GETTING EXPOSED. I

JACQUELINE BROUGHT THE COMPLAINT FROM THE MULTIPLE FAILURES OF THE BOARD AND THE ATTORNEY TO EVEN SHOW UP ATTEND MY CASES IN MY SUPPORT AND TAKE MY CONCERNS IN CONSIDERATION. THEY BOARD AND ATTORNEY KEEPS MAKING FALSE STATEMENTS ABOUT MY FAMILY PARTICICPATION IN SUPPORT OF ME TO GET THEIR WAY AND THE DOCTORS THAT SUPPORT MY FAMILY AND SEE MY FAMILY ATTENDING MY APPOINTMENTS WITH ME WANT IT TO STOP TO. THIS ALL LOOKS LIKE AN ATTEMPT OF SLAVEY MY THE BOARD AND PROBATE COURT TO SEPARATE FAMILIES THAT HAVE STRONG SUPPORT FOR FINANCIAL GAIN BECAUSE THEY HAVE THREATEN MY FAMILY THAT SUPPORT ME.

THE PROBATE COURT ERRORED IN VIOLATING ORC CODES 2111.13, 2111.50, 2111.47, 2109.24, and 2101.24 by that of that of trashing my motions and allowing hearings without constitutionally effective representation when the neglectful attorney Steve Mcgann did not show up for the last hearing required.

THE PROBATE COURT ERRORED IN VIOLATING ORC CODES 2111.13, 2111.50, 2111.47, 2109.24, and 2101.24 by that of that of trashing my motions and allowing the reschedule of the April hearing when they were given a motion a week before to reschedule the hearing but disregarded my medical requirements stated in the motion.

THE PROBATE COURT ERRORED IN VIOLATING ORC CODES 2111.13, 2111.50, 2111.47, 2109.24, and 2101.24 by that of that of trashing my motions and allowing the guardian board to present false statement that were recorded they made to strip the support of my family.

THE PROBATE COURT ERRORED IN VIOLATING ORC CODES 2111.13, 2111.50, 2111.47, 2109.24, and 2101.24 by that of that of trashing my motions and allowing guardian ship board to make false claims to gain control of the wards SSI social security benefits but got rejected after review of the social security administration stated Jacqueline's benefits were applied well for her food and shelter for over the 10 year decade and they preferred family management and did not like outside agencies stripping their benefits.

(Sic passim.)

{¶ 2} The documents provided in the record on appeal indicate that Jacqueline suffers from schizophrenia and some developmental disabilities. The same document which sets forth these challenges indicates that the guardianship should be terminated.

{¶ 3} On July 2, 2015, Jacqueline filed a motion to terminate her guardianship. The motion was set for a hearing, but neither Jacqueline nor her sister Stephanie who was then the guardian showed up for the hearing. As a result, the guardianship continued. About six months later, a complaint was filed which alleged that Stephanie had her own mental health issues and should be removed as the guardian. Following a hearing before a magistrate, Stephanie was removed. She pursued an appeal of that removal and this appellate court has affirmed the removal.

{¶ 4} The Franklin County Guardianship Service Board applied to be appointed interim guardian. That application was approved. The hearing on that application included Jacqueline testifying that she wanted to be her own guardian, but acknowledged that she had no stable residence and instead moves among the homes of relatives. The magistrate hearing the application concluded that Jacqueline needed stabilization of both her living arrangements and her medications. The magistrate's conclusion was consistent with his observation of Jacqueline talking to an invisible person supposedly seated next to her in the courtroom.

{¶ 5} Jacqueline receives Social Security Disability Income ("SSDI") which has caused tension between Jacqueline and her sister Stephanie. Attempts have been made to have the SSDI go to an entity other than Stephanie.

{¶ 6} The Probate Court found that Jacqueline had not presented satisfactory proof that the necessity for a guardianship no longer existed. The single medical report which supported the arguments that a guardianship was no longer needed was not found to be persuasive given the things seen in court and Jacqueline's difficulty in managing her life.

{¶ 7} Turning to the claims of error, the Probate Court did not trash any motions. The Probate Court carefully complied with the pertinent statutes. The record does not support the allegations of error. To the extent they exist, they are overruled.

{¶ 8} The judgment of the Franklin County Court of Common Pleas, Probate Division maintaining a guardianship for Jacqueline Thomas is affirmed.

*Judgment affirmed.*

**KLATT and BRUNNER, JJ., concur.**